IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>  vs.<br><br>DONNA MARIE KOZAK, RANDALL DAVID DUE, COUNTY OF WASHINGTON, and KAREN A. MADSEN, in her official capacity as Register of Deeds of Washington County, Nebraska,<br><br>  Defendants. | 8:13CV00122<br><br>COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF |

Plaintiff, the United States of America, through Deborah R. Gilg, United States Attorney for the District of Nebraska, and Robert L. Homan, Assistant United States Attorney for this District, brings this action seeking declaratory and injunctive relief against the Defendants to bar the filing of nonconsensual common-law liens and encumbrances against the real estate and personal property of federal officials and employees, stating as follows:

## JURISDICTION AND VENUE

1. The United States brings this action pursuant to the Declaratory Judgment Act (28 U.S.C. §§ 2201-2202), the All Writs Act (28 U.S.C. § 1651), and Nebraska Revised Statutes §§ 52-1901 to 52-1904. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1345.

2.     Because the events giving rise to the claims in this action occurred in this district, this Court has jurisdiction to hear this action and venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

3.     The United States has an interest in protecting its officers, officials and employees from persons who file frivolous liens or nonconsensual common-law liens and encumbrances against real estate and personal property lacking any factual or legal basis and filed for the sole purpose of intimidation and harassment of federal officials.  In fact, "[i]t is now established beyond dispute that the United States may request the assistance of Article III courts to protect its officials from attempts at harassment, intimidation and extortion in the form of 'liens' commonly filed by tax protesters and prisoners."  United States v. Barker, 19 F. Supp.2d 1380, 1383 (S.D. Ga. 1998).  See also, United States v. Brewer, 2012 WL 2872815 at *4 (E.D. Cal. July 11, 2012); United States v. Bellazerius, 2006 WL 2631937 (E.D. La. Sept. 12, 2006).

**PARTIES**

4.     The Plaintiff is the United States of America.

5.     The Defendants are Donna Marie Kozak, Randall David Due, the County of Washington, and Karen A. Madsen, in her official capacity of Register of Deeds for Washington County, Nebraska.

6.     Defendant Kozak lives in Sarpy County, Nebraska, within the jurisdiction of this Court.  Defendant Kozak caused or directed the filing of the nonconsensual

2

common-law liens and encumbrances against the real estate and personal property described in this Complaint.

7. Defendant Due is a resident of Pelham, Georgia. Defendant Due caused or directed the filing of the nonconsensual common-law liens and encumbrances against the real estate and personal property described in this Complaint.

8. Defendants County of Washington, and Karen A. Madsen, in her official capacity as Register of Deeds of Washington County, Nebraska, have the statutory responsibility to remove the filing of liens and encumbrances improperly filed in Washington County that are nonconsensual common-law liens under Neb. Rev. Stat. §§ 52-1901 to 52-1904.

9. Defendants Kozak and Due have executed and caused or directed to be filed nonconsensual common-law liens and encumbrances against real estate and personal property filed with the Register of Deeds of Washington County, Nebraska, naming several federal officials and employees as debtors. The nonconsensual common-law lien filings are more fully described as follows:

    a. Filing 201205194, "Consensual Public Commercial Lien" recorded in the Register of Deeds of Washington County on December 13, 2012, in Book 597 at Pages 259-278, seeking to encumber U.S. Attorney for the District of Nebraska, Deborah R. Gilg and her spouse's personal residence located in Douglas County, Nebraska. A true and correct copy of said filing is attached hereto as Exhibit "A".

    b. Filing 201205195, "Consensual Public Commercial Lien" recorded in the Register of Deeds of Washington County on December 13, 2012, in Book 597 at Pages 279-298, seeking to encumber U.S. District Court Judge for the District of Nebraska, John M. Gerrard

        and his spouse's personal residence located in Lancaster County, Nebraska. A true and correct copy of said filing is attached hereto as Exhibit "B".

    c.    Filing 201205196, "Consensual Public Commercial Lien" recorded in the Register of Deeds of Washington County on December 13, 2012, in Book 597 at Pages 299-315, seeking to encumber Assistant U.S. Attorney for the District of Nebraska, Douglas R. Semisch and his spouse's personal residence located in Douglas County, Nebraska. A true and correct copy of said filing is attached hereto as Exhibit "C".

    d.    Filing 201205197, "Consensual Public Commercial Lien" recorded in the Register of Deeds of Washington County on December 13, 2012, in Book 597 at Pages 316-329, seeking to encumber Assistant U.S. Attorney for the District of Nebraska, Michael P. Norris and his spouse's personal residence located in Douglas County, Nebraska. A true and correct copy of said filing is attached hereto as Exhibit "D".

    e.    Filing 201205198, "Consensual Public Commercial Lien" recorded in the Register of Deeds of Washington County on December 13, 2012, in Book 597 at Pages 330-343, seeking to encumber Internal Revenue Service Agent, Ashley Thompson and her spouse's personal residence located in Douglas County, Nebraska. A true and correct copy of said filing is attached hereto as Exhibit "E".

10.    None of the federal officials and employees referenced in the filings described above in paragraph 9 (a) – (e) (see Exhibits A – E), have consented to the filing of said liens and encumbrances as against their real estate and/or personal property.

11.    Each of the documents titled "Consensual Public Commercial Lien" (Exhibits A – E) contain affidavits executed by Defendant Due on December 10, 2012 and Defendant Kozak dated November 26, 2012, and reference a criminal action (Case No. 8:12CR56) involving criminal defendants David Lee Kleensang and Bernita Margaret Kleensang.

12. Those federal officials who have been targeted by Defendants Due and Kozak with the filing of these nonconsensual common-law liens consist of the Article III federal judge (Hon. John M. Gerrard), the prosecutors (U.S. Attorney Deborah R. Gilg, AUSA Douglas R. Semsich, and AUSA Michael P. Norris) and agency official (IRS Agent Ashley Thompson) who had some role or involvement in the criminal case involving tax protesters/criminal defendants, David and Bernita Kleensang, who were convicted of the following on June 14, 2012:

    a. David Kleensang was convicted of one count of conspiracy to defraud the United States, thirteen counts of filing a false claim against the United States, and one count of endeavoring to obstruct and impede the administration of the Internal Revenue laws.

    b. Bernita Kleensang was convicted of one count of conspiracy to defraud the United States and six counts of filing a false claim against the United States.

United States v. Kleensang, 8:12CR56, Filings 109, 111 (D. Neb. June 14, 2012).

13. All actions taken by the federal officials identified above with regard to the criminal case of David and Bernita Kleensang were actions within the scope and performance of their federal duties and they are not now, nor have they ever been, indebted to Defendants Kozak and Due, or David and Bernita Kleensang.

14. Defendants Kozak and Due have been indicted for their involvement in the filing of false liens, among other charges, against federal officials, to include those described in Exhibits A – E. That criminal matter is still pending in the United States District Court for the District of Nebraska (Case No. 8:12CR344).

15. Pursuant to Neb. Rev. Stat. § 52-1901, a nonconsensual common-law lien is "a document that purports to assert a lien against real or personal property of any person or entity and: (1) Is not expressly provided for by a specific state of federal statute; (2) Does not depend on the consent of the owner of the real or personal property affected; and (3) Is not an equitable or constructive lien imposed by a state of federal court of competent jurisdiction." The United States, its aforementioned officials or employees, individually and collectively, have never authorized or consented to the filings caused or directed to be filed by Defendants Kozak and Due in the Register of Deeds of Washington County, Nebraska, and are not now, nor have they ever been, indebted to Defendants Kozak and Due.

16. The nonconsensual common-law lien filings purport to create an obligation against the above federal officials and employees which has the following adverse effects on them:  clouds title; may cloud title or purports to cloud title to their property; may adversely affect credit worthiness; and, impacts their ability to engage in commerce.  As a result, such filings impose irreparable harm to them.

17. The nonconsensual common-law lien filings were prepared and filed by Defendants Kozak and Due, without legal basis and for the purpose of harassing and intimidating the above federal officials and employees and in retaliation for official acts performed by them.

18. The filing of nonconsensual common-law lien filings without a legal basis causes irreparable injury to the United States by impeding, obstructing and impairing the execution of official duties of its officers and employees.

### Count I – Declaratory Judgment

19. The Declaratory Judgment Act, 28 U.S.C. § 2201, provides that the Court may declare the rights and other legal relations of interested parties, and may grant further necessary or proper relief based on such declaration.

20. There is an actual controversy between the parties that is within the jurisdiction of the Court, because the actions of the Defendants infringe on the sovereign immunity of the United States and threatens the discharge of government functions by seeking to intimidate, harass and retaliate against those government officials and employees involved with Defendants in their dealings with the government.

21. Based on the foregoing, the United States requests that the Court enter judgment declaring that the nonconsensual common-law lien filings in the Register of Deeds of Washington County, Nebraska, and all amendments or other documents filed or caused to be filed by Defendants Kozak and Due with any public recording office in Washington County, Nebraska, against the United States and any and all persons identified in this Complaint be declared null, void and without legal effect.

### Count II - Injunction

22. The All Writs Act, 28 U.S.C. § 1651 grants Federal Courts authority to issue all writs necessary or appropriate in aid of their respective jurisdiction and

agreeable to the usages and principles of law.  The Declaratory Judgment Act, 28 U.S.C. § 2202 provides that the court may grant any necessary and appropriate relief based on a declaratory judgment.

23.    Neb. Rev. Stat. § 52-1902 provides for remedies for a "person or entity against whom a nonconsensual common-law lien is claimed for actual damages plus costs and reasonable attorney's fees" against the person who submits the nonconsensual common-law lien for filing.  Section 52-1903 provides, "The Secretary of State, county clerk, register of deeds, or clerk of any court shall refuse to accept for filing any nonconsensual common-law lien."  Section 52-1904 provides "Any lien determined to be a nonconsensual common-law lien pursuant to any proceeding shall be stricken from the record of the Secretary of State, county clerk, register of deeds, or clerk of any court upon issuing of a valid court order from a court of competent jurisdiction.  There shall be no filing fee for a court order issued pursuant to this section."

24.    The United States requests that the Court permanently enjoin Defendants Kozak and Due, and all those acting in concert or participating with them, from entering, filing or attempting to file, without prior approval, any nonconsensual common-law lien or other type of purported lien or document purporting to create a fictitious financial obligation against the United States or its agents, officers, employees or former employees of the United States, including all those federal officials and employees identified in this Complaint.  Such an injunction is necessary to prevent the frustration of any orders the Court might issue declaring Defendants' filings null and void and of no

legal effect, as it would ensure that Defendants could not simply re-file the same or new nonconsensual common-law lien in Washington County, Nebraska or elsewhere.

## Claim for Relief

WHEREFORE, the United States requests the following relief:

1. That the Court enter judgment declaring that the nonconsensual common-law lien and any amendment filed by Defendants Kozak and Due purporting to create liens on the United States and any and all present and former federal officials and employees, including U.S. District Court Judge John M. Gerrard; U.S. Attorney Deborah R. Gilg; Assistant U.S. Attorney Douglas R. Semisch, Assistant U.S. Attorney Michael P. Norris, and, Ashley Thompson, Internal Revenue Service Agent, are null and void because they are unauthorized, false and fraudulent; and

2. That the Court enter judgment declaring that any other filings by Defendants Kozak and Due, and all those acting in concert or participation with him, that impose or purport to impose a lien or other financial obligation against government officials or the United States are null, void and of no legal effect because they are unauthorized, false and fraudulent, unless Defendants establish to this Court's satisfaction that such document has a basis in fact and law; and

3. That the Court permanently enjoin Defendants Kozak and Due, and all those acting in concert or participating with them, from entering, filing, or attempting to file any nonconsensual common-law lien or other type of purported lien against the United States or its agents, officers, employees or former employees and from otherwise

attempting to interrupt, hinder or impede agents, officers, employees of the United States in the performance of their official duties, in any Secretary of State's office, county clerk, register of deeds, or clerk of any court without express permission of this Court; and

  4. That the Court direct Defendants Washington County, and Karen A. Madsen, in her official capacity as the Register of Deeds of Washington County, Nebraska, to expunge from the records maintained in its office, the nonconsensual common-law lien filings declared by this Court to be null and void because they are unauthorized, false and fraudulent and to refuse acceptance of future nonconsensual common-law lien filings in the county public record offices; and

  5. That the United States be granted its costs incurred in the commencement and prosecution of this action, including reasonable attorney fees pursuant to Neb. Rev. Stat. § 52-1902; and

  6. That the Court provide such other relief that the Court should determine to be fair and equitable.

UNITED STATES OF AMERICA,
Plaintiff

By: DEBORAH R. GILG
United States Attorney
District of Nebraska

And: s/ Robert L. Homan
ROBERT L. HOMAN, #18580
Assistant United States Attorney
1620 Dodge Street, Suite 1400
Omaha, NE 68102-1506
Tel: (402) 661-3700
Fax: (402) 661-3086
E-mail: robert.homan@usdoj.gov

11